IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH N. JOSEPH,

      Petitioner,                              No. CIV S-05-0938 FCD DAD P

   vs.

D.L. RUNNELS, et al.,

      Respondents.                      ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Pursuant to this court's order filed May 18, 2005, petitioner has filed a new application to proceed in forma pauperis. Examination of the application filed June 10, 2005, reveals that petitioner is unable to afford the costs of suit. Accordingly, petitioner's application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on January 3, 2002. Petitioner entered a plea of guilty pursuant to an agreement that dismissed all counts except for petitioner's choice of one count of possession of cocaine base for sale or one count of transporting cocaine base for sale. Petitioner asserts that the trial court erred when it denied his motion to suppress evidence. He states that he did not appeal from the

1

2002 judgment of conviction but challenged the denial of his motion to suppress in the California Court of Appeal and the California Supreme Court. Petitioner alleges no facts concerning the form of his challenge or the dates on which his challenges were denied. He contends that his detention "was illegal because no reasonable justification existed to suspect he was in violation of the vehicle code or any other statute." (Pet. at (5).) On this record, the court is unable to determine whether petitioner's federal habeas petition is timely and whether it is meritorious. Respondents will therefore be directed to file a response to the petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's June 10, 2005 application to proceed in forma pauperis is granted;

2. Respondents are directed to file a response to petitioner's habeas petition within thirty days from the date of this order. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4. If the response to the habeas petition is a motion instead of an answer, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondents' reply, if any, shall be filed and served within fifteen days thereafter; and

5. The Clerk of the Court shall serve a copy of this order together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 upon Jo Graves, Senior Assistant Attorney General.

DATED: June 17, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jose0938.100