IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH N. JOSEPH,

    Petitioner,               No. CIV S-05-0938 FCD DAD P

   vs.

D.L. RUNNELS, et al.,

    Respondents.         ORDER

_____/

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. Petitioner claims that the trial court erred when it denied the defense motion to suppress evidence. By order filed June 20, 2005, the court directed respondents to file a response to the petition. Pursuant to an extension of time granted on July 22, 2005, respondents filed an answer on August 18, 2005, and lodged the state court transcripts on August 25, 2005. Before the court is petitioner's motion to stay proceedings to exhaust state remedies on additional claims.

       Petitioner's motion does not include a proof of service showing that the motion was served on respondents' counsel. Petitioner describes the abeyance procedure as available to him pursuant to well established Ninth Circuit authority. He states that "several claims surrounding the conviction" are pending in state court and that those claims are "directly related to the petition before the court." Petitioner does not identify his unexhausted claims nor indicate

1

the court in which the claims were pending when he filed his motion to stay.  In a supporting declaration, petitioner states that he learned about the abeyance procedure, mixed petitions, and abuse of the writ doctrine from a knowledgeable inmate on July 4, 2005, and that his motion was prepared by that inmate.

The Supreme Court recently affirmed the district court's discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.  Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1534-35 (2005).  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the fully exhausted petition in abeyance).  The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." 125 S. Ct. at 1535.  Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless.  Id.  Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id.

Petitioner's pending motion is vague and conclusory.  The court is unable to determine whether petitioner had good cause for failing to exhaust all claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, and whether petitioner has acted with diligence.  See Taylor, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay).  For these reasons, petitioner's motion will be denied without prejudice to the filing of a new motion.

/////

1    Petitioner will be granted thirty days to file a new motion to stay proceedings.
2 The motion submitted for filing must include a proof of service showing that a copy of the
3 motion was served on respondents' counsel.  The motion must (1) show good cause for
4 petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's
5 unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status
6 of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has
7 acted with diligence in pursuing additional claims.
8    In accordance with the above, IT IS HEREBY ORDERED that:
9    1. Petitioner's July 25, 2005 motion to stay is denied without prejudice;
10    2. Petitioner is granted thirty days to file and serve a new motion to stay; the
11 motion must make the showing described in this order and must include a proof of service
12 showing the date on which a true and exact copy of the motion was placed in the mail to
13 respondents' counsel;
14    3. Respondents' opposition or statement of non-opposition to petitioner's new
15 motion shall be filed and served within twenty days after petitioner's motion is placed in the mail
16 to respondents' counsel;
17    4. Petitioner's reply to any opposition shall be filed and served within twenty
18 days after the opposition is served; and
19    5. The current deadline for the filing of petitioner's traverse to respondents'
20 answer is vacated.
21 DATED: September 30, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24 DAD:13
jose0938.mts