IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH N. JOSEPH,

    Petitioner,　　　　　　　　No. CIV S-05-0938 FCD DAD P

  vs.

D.L. RUNNELS, et al.,

    Respondents.　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a federal habeas petition filed on May 12, 2005. Respondents filed an answer to the petition on August 18, 2005. Before the court is petitioner's second motion to hold his petition in abeyance pending exhaustion of additional claims.

        Petitioner's first motion to hold in abeyance was denied on October 3, 2005. The court advised petitioner that a renewed motion must be served on respondents' counsel and "must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims." (Order filed Oct. 3, 2005, at 3.)

1    Petitioner's renewed motion was served on respondents' counsel on October 23,
2  2005.  Petitioner describes his federal habeas petition as alleging a single claim that was
3  exhausted before he filed this action:  the trial court erred when it denied petitioner's motion to
4  suppress evidence.  Petitioner states that his concern about the federal statute of limitations
5  compelled him to file his federal habeas petition before exhausting additional claims.  Petitioner
6  compares the circumstances of his case to those in Anthony v. Cambra, in which the petitioner
7  was still litigating claims in the state courts when he filed his federal habeas petition.  Petitioner
8  asserts that the claim he is still litigating in the state courts "deals with a sentencing issue that has
9  a direct relationship on the exhausted issue."  (Pet'r's Second Mot. to Hold in Abeyance, filed
10 Oct. 31, 2005, at 4.)  Petitioner contends that he used due diligence in pursuing the issue after he
11 learned from another inmate that his sentence was unauthorized by law.
12   Petitioner explains that he was convicted in 1987 of two counts of violating
13 California Health and Safety Code § 11352 and that the judge "ran both counts concurrent, which
14 resulted in one case # and one prison term."  (Id. at 5.)  Petitioner argues that, because the two
15 counts were not brought and tried separately, it was illegal for the judge who sentenced him on
16 his current conviction to impose a three-year enhancement for each of the two counts included in
17 the 1987 conviction.  Petitioner argues that the imposition of an unauthorized sentence is an act
18 in excess of the court's jurisdiction under state law and that such a sentence is subject to review
19 by the state courts even after a judgment has been affirmed on direct appeal.  Petitioner contends
20 that the appropriate remedy for a sentence imposed in excess of the court's authority is to vacate
21 the sentence and remand for re-sentencing.  Citing state law, petitioner argues that habeas corpus
22 is appropriate for review of the validity of a sentence when the record shows that the sentence
23 was imposed in excess of the court's jurisdiction.  Petitioner makes a conclusory assertion that
24 the sentencing error "was so arbitrary and capricious as to constitute an independent due process
25 violation."  (Id. at 6.)
26 /////

Petitioner states that the California Court of Appeal denied relief on his sentencing claim on May 19, 2005, and that he intends to seek review by the California Supreme Court. Petitioner requests that, if his motion to stay these proceedings is denied, he be granted an extension of time to file his traverse to respondents' answer.

Respondents oppose petitioner's motion on several grounds. First, respondents suggest that there is a very high likelihood that any amended petition filed by petitioner in this action would be subject to dismissal under the applicable statute of limitations. Respondents provide a copy of a state habeas petition filed by petitioner in the California Supreme Court on October 20, 2005, and state that they are not aware of any other relevant petition filed by petitioner in the state's highest court. Respondents reserve the right to raise the statute of limitations bar if it becomes necessary.

Respondents assert that it is unnecessary to address the statute of limitations issue, however, because petitioner's unexhausted claim is that his sentence was unauthorized under California Penal Code §§ 654 and 667(a). Citing <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991), and <u>Watts v. Bonneville</u>, 879 F.2d 685, 687 (9th Cir. 1989), respondents argue that petitioner's sentencing claim does not state a federal question and is therefore a meritless claim for which a stay should not be granted. In addition, respondents argue that petitioner has not shown good cause for failing to exhaust his sentencing claim before filing this action and has not demonstrated diligence in pursuing the claim. In that regard, respondents note that petitioner's claim appears to be one that could have been raised on direct appeal and that petitioner delayed filing his habeas petition in the California Supreme Court until several months after he filed an abeyance motion in this case.

In a reply dated December 1, 2005, petitioner pleads ignorance of the law and argues that he has done his best to act in a timely manner. He reiterates his argument that he recently learned of the abeyance procedure and realized that he had additional claims "that went to the crux of his conviction." (Pet'r's Reply filed Dec. 5, 2005, at 2.) Petitioner contends that

holding his federal petition in abeyance will allow him to save his sentencing claim. He asserts that there is no time limit on challenging an unauthorized sentence under state law, and he argues that he presented the issue to the state courts as soon as he became aware of it. Petitioner describes respondents' arguments concerning the merits of the claim as "off point" and offensive. (Id. at 3.) Petitioner concedes that he lacks the legal knowledge and ability to determine what constitutes a federal question, but he argues that his sentencing issue warrants consideration by this court. Citing Brecht v. Abrahamson, 507 U.S. 619 (1993), petitioner suggests that it is enough that the alleged error "had a substantial and injurious effect on the proceedings." (Id.) With regard to respondents' suggestion that petitioner could have raised the issue on direct appeal, petitioner notes that he was represented by counsel on appeal and could not dictate what issues were raised. Petitioner concludes that he has shown good cause for a stay and that granting his motion would not be wrong or an abuse of discretion but would prevent injustice.

More than ten months have passed since petitioner filed his renewed motion, and more than nine months have passed since petitioner filed his reply to respondents' opposition. The current status of the state habeas petition filed in the California Supreme Court on October 20, 2005, is unknown. Presumably the petition is still pending, as petitioner has not moved to amend his federal habeas petition to add the sentencing claim.

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for an error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986) (holding that claims cannot serve as a basis for obtaining habeas relief if they "merely challenge the correctness of the trial court's actions and cannot reasonably be construed to allege a deprivation of federal rights").

In general, federal habeas corpus relief is not available for state sentencing errors absent a violation of federal law or an action so fundamentally unfair as to constitute a due process violation.  See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (California sentence enhancement provisions involve questions of state law not subject to federal habeas corpus review); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984) (a mistake of state law does not constitute a due process violation absent arbitrariness or discrimination).  See also Watts v. Bonneville, 879 F.2d 685, 688 (9th Cir. 1989) (holding that no due process violation occurred where "California punished [the defendant] for two separate criminal acts, not twice for a single act").

In the present case, petitioner has not alleged facts showing that the trial court's application of California Penal Code §§ 654 and 667(a) at his sentencing violated federal law or rises to the level of federal constitutional significance.  Because the unexhausted claim appears to involve only the interpretation and application of state law, the undersigned is unable to find that it states a cognizable federal claim.

As set forth in this court's order filed October 3, 2005, the Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.  Rhines v. Weber, 544 U.S. 269, 276-77 (2005).  "[S]tay and abeyance should be available only in limited circumstances," and the district court should not grant a stay if the petitioner's unexhausted claims are plainly meritless.  Id. at 277.  Petitioner's unexhausted claim is plainly meritless for federal purposes, and his motion to hold in abeyance should therefore be denied.

/////

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's October 31, 2005 motion to hold in abeyance be denied; and

2. Petitioner be granted sixty days to file a traverse to respondents' answer.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and shall serve a copy on all other parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections should be titled "Reply to Objections" and shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jose0938.mts2