IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH N. JOSEPH,

       Petitioner,                          No. CIV S-05-0938 FCD DAD P

   vs.

D.L. RUNNELS, et al.,

       Respondents.                 FINDINGS AND RECOMMENDATIONS

                                      /

       Petitioner is a state prisoner proceeding pro se with a federal habeas petition in which he alleges that the trial court erred when it denied his motion to suppress evidence. Respondents filed an answer to the petition on August 18, 2005. Petitioner's first motion to stay these proceedings was denied without prejudice on October 3, 2005, because the motion was not served on respondents and failed to make the showing required by Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Petitioner's second motion to stay this action was denied on its merits on October 24, 2006. Petitioner has now filed a motion for leave to amend his petition.

       In his three-sentence motion, petitioner asserts that he has an issue that presents cognizable constitutional merit and, having recently exhausted the issue, he wants to amend his petition to add this claim. Petitioner has submitted a document titled "First Amended Petition" that presents only the sentencing issue with respect to which petitioner previously sought a stay.

1

1    Petitioner's motion for leave to amend is opposed by respondents on the ground that the court
2    previously determined that the sentencing issue does not constitute a cognizable federal claim.

3    A petition for writ of habeas corpus "may be amended or supplemented as
4    provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242; see Rule 11,
5    Fed. R. Governing § 2254 Cases.  Thus, after an answer has been served, "a party may amend the
6    party's pleading only by leave of court or by written consent of the adverse party; and leave shall
7    be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The decision to permit or deny a
8    motion for leave to amend after an answer has been filed rests within the sound discretion of the
9    trial court.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-86 (9th Cir. 1987) (citing
10   United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).  In deciding whether to grant leave to
11   amend, courts generally consider the following factors:  undue delay, bad faith by the moving
12   party, prejudice to the opposing party, futility of amendment, and whether the party has
13   previously amended his pleadings.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Bonin v.
14   Calderon, 59 F.3d 815, 845 (9th Cir. 1995); DCD Programs, Ltd., 833 F.2d at 186 & n.3.

15   In the present case, the undersigned will recommend that petitioner's motion to
16   amend be denied because the proposed amendment would be futile.  The court previously
17   explained to petitioner that a federal writ of habeas corpus is available under 28 U.S.C. § 2254
18   "only on the basis of some transgression of federal law binding on the state courts."  Middleton
19   v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).
20   A federal writ is not available for an error in the interpretation or application of state law.  Estelle
21   v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to
22   reexamine state-court determinations on state-law questions."); Givens v. Housewright, 786 F.2d
23   1378, 1381 (9th Cir. 1986) (holding that claims cannot serve as a basis for obtaining habeas relief
24   if they "merely challenge the correctness of the trial court's actions and cannot reasonably be
25   construed to allege a deprivation of federal rights").  In general, federal habeas corpus relief is
26   not available for state sentencing errors absent a violation of federal law or an action so

fundamentally unfair as to constitute a due process violation.  See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (California sentence enhancement provisions involve questions of state law not subject to federal habeas corpus review); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984) (a mistake of state law does not constitute a due process violation absent arbitrariness or discrimination).  See also Watts v. Bonneville, 879 F.2d 685, 688 (9th Cir. 1989) (holding that no due process violation occurred where "California punished [the defendant] for two separate criminal acts, not twice for a single act").

Petitioner's proposed new claim is as follows:  "The sentence in this case is unauthorized and violates the provision of Pen. Code Sec. 654 as well as Pen. Code Sec. 667(a)."  Petitioner argues that enhancements were improperly applied in violation of state law.  Petitioner has once again failed to demonstrate that the trial court's application of state laws at the time of his sentencing violated federal law or rises to the level of federal constitutional significance.  Because the claim appears to involve only the interpretation and application of state law, the undersigned is again unable to find that it states a cognizable federal claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's November 27, 2006 motion for leave to amend be denied; and

2. The proposed first amended petition submitted on November 27, 2006 be disregarded.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and shall serve a copy on all other parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply shall be served and filed within ten days after service of the

1  objections.  The parties are advised that failure to file objections within the specified time may,

2  under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v.

3  Ylst, 951 F.2d 1153 (9th Cir. 1991).

4  DATED: February 20, 2007.

```
                                                     /s/ Dale A. Drozd
                                                     _____
                                                     DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE
```

8  DAD:13
   jose0938.mta