IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH N. JOSEPH,

    Petitioner,                      No. CIV S-05-0938 FCD DAD P

    vs.

D. L. RUNNELS, et al.,

    Respondents.                 FINDINGS & RECOMMENDATIONS

/

        Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on January 9, 2002 in the Sacramento County Superior Court on the charge of transportation of cocaine base, in violation of California Health and Safety Code § 11352(a), with two prior serious felony convictions and two prior drug convictions. Specifically, on November 7, 2001, petitioner pled no contest to the charge and admitted the prior convictions, while reserving his right to appeal from the denial of his motion to suppress evidence. (Clerk's Transcript on Appeal (hereinafter CT) at 8.) As a result of his plea, petitioner was sentenced to the upper term of five years which was doubled by virtue of the application of California's Three Strike Law. (Reporter's Transcript on Appeal (hereinafter RT) RT at 185-186.) With the addition of consecutive three year enhancements for each prior drug conviction, petitioner was

1

sentenced to an aggregate term of sixteen years in state prison. (Id.; CT 9-10, 189.)

In the petition now pending before the court petitioner alleges that the state trial court erred in denying his motion to suppress evidence recovered as the result of a vehicle stop which he claims was unlawful under the Fourth Amendment. Upon consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

FACTUAL AND PROCEDURAL BACKGROUND

The following facts were taken from the evidence presented at the hearing on defendant's motion to suppress, as summarized by the California Court of Appeal for the Third Appellate District:

> Sacramento County Sheriff Deputies Ron Parsons and Michael Rogers were on duty in a marked patrol car the evening of March 7, 2001. Streetlights, headlights, and the lights surrounding businesses illuminated Edison Avenue. They observed an object dangling from the rearview mirror of the vehicle [petitioner] was driving in front of them. The patrol car was directly behind the vehicle approximately half a car length. The deputies followed the car for about one-half block and initiated a vehicle stop. Deputy Rogers, who was driving the patrol car, testified that because he could see the object while he was following the car, it was in violation of [California Vehicle Code] §26708(a)(2), prohibiting obstruction of the windshield.[1] Deputy Rogers testified the §26708 violation was the sole reason for stopping [petitioner's] car.
>
> Deputy Rogers contacted [petitioner] and informed him of the reason for the stop. [Petitioner] immediately removed the object from the rearview mirror. The deputies' description of the object varied. Deputy Parsons described the object as a chain "wrapped around the rear view mirror and around the chain were a single strand and at the end of the strands were...circular or square beads" approximately three to four inches in diameter. Deputy Rogers' description of the object must be culled from several parts of his testimony. He testified it was a chain or loop-type object, hanging down a bit, smaller than a handicapped placard yet larger than the rearview mirror, big enough to be seen from his position in the trailing patrol car.

---

[1] §26708(a)(2), provides, in part that with certain exceptions: "No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed or applied in or upon the vehicle which obstructs or reduces the driver's clear view through the windshield . . ."

2

> Deputy Rogers noticed defendant's pupils were dilated and his speech was rapid and rambling. Deputy Rogers had defendant exit the vehicle so he could examine him further. Defendant fled, and deputies pursued. After the officers caught, handcuffed, and searched defendant, cocaine base was discovered in his pants pocket and subsequently in his car.

(Answer, Exh. D (Opinion) at 2-3) (footnote in original).

Petitioner moved the trial court to suppress the evidence seized from his pocket and his car and that motion was denied on July 24, 2001. (CT at 5.) Thereafter, on January 9, 2002, petitioner pled no contest while reserved his right to appeal the suppression issue. Following his sentencing, petitioner timely appealed to the California Court of Appeal for the Third Appellate District challenging, as he seeks to do here, the state trial court's denial of his motion to suppress evidence. (Answer, Exh. A-C.) The California Court of Appeal rejected petitioner's arguments and affirmed his judgment of conviction. (Id., Exh. D.) Petitioner petition for review was summarily denied by the California Supreme Court. (Id. at Exh. E-F.)[2]

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085. Habeas

/////

---

[2] Respondent concedes that petitioner exhausted his sole claim for relief presented before this court. (Answer at 2.) Petitioner apparently misunderstand, stating in his traverse that respondent's concession of exhaustion is "not true." (Traverse at 1.) Nonetheless, upon review of the record, the undersigned concludes that petitioner has exhausted his state remedies in connection with the claim presented in the pending petition.

3

corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). When it is clear that a state court has not reached the merits of a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo. Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

/////

II. Petitioner's Claim

Petitioner claims that the evidence seized from his person and his car should have been suppressed because the deputies who detained him had no reasonable suspicion that a violation of the California Vehicle Code was occurring when they stopped his car. (Pet. at 5.) However, "[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (citing Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990)).

The record before the court clearly establishes that petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claim in state court. Counsel on behalf of petitioner filed a written motion to suppress evidence pursuant to California Penal Code §1538.5. (CT at 110-115, 120-126.) The trial court conducted an evidentiary hearing on the motion at which two witnesses testified. (CT at 127.) At the conclusion of the hearing the court denied the motion to suppress evidence. (CT at 5, 127.) On appeal, petitioner then challenged the trial court's ruling. (Answer, Exh. A-C.) In affirming petitioner's judgment of conviction the California Court of Appeal for the Third Appellate District stated:

> The trial court found sufficient articulable facts to justify a stop based upon a violation of [California Vehicle Code] §26708. The court found the description of the object, the street illumination, and the ability of the officers to observe the object from their position following the [petitioner's] vehicle were sufficient to develop a reasonable suspicion the [petitioner] was violating §26708.
>
> We agree the circumstances cited by the trial court justified the stop. The [petitioner] was stopped for an object dangling from his rearview mirror that may have "obstruct[ed] or reduc[ed]" his "clear view through the windshield or side windows." (§26708(a)(2).) It is objectively reasonable to believe that an

5

> object "larger than the rearview mirror," "hung down," and "noticeable from behind," reduces the driver's clear view in violation of §26708(a)(2).

(Answer, Exh. D (Opinion) at 5-6.)

Petitioner was clearly provided a full and fair opportunity to litigate his Fourth Amendment claim in state court. In fact, he took advantage of that opportunity by moving the trial court to suppress the evidence and then preserving and exercising the right to challenge that adverse ruling on appeal, albeit without success. Having been provided that opportunity, his Fourth Amendment claim is not cognizable on federal habeas review. <u>Stone</u>, 428 U.S. at 494; <u>Moorman v. Schriro</u>, 426 F.3d 1044, 1053 (9th Cir. 2005); <u>Ortiz</u>, 81 F.3d at 899.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2009.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
joseph0938.hc

6